BOUTALL, Judge.
This appeal is on the issue of qualifications of an applicant for appointment as Notary Public.
Betty B. Bradford applied for a notarial commission for the Parish of St. Charles under the provisions of L.R.S. 35:191 and submitted an application to the District Court for an appropriate certificate signed by a judge of the court. The judge refused certification on the ground that sub-section C(2)(a) required the taking and passing of a written examination, and sub-section C(2)(e) dispenses with the examination only if the applicant had been duly admitted to practice law and maintained an office for the practice of law in the Parish. Petitioner admits that she was not admitted to practice law but shows in her application that she had been appointed a Notary Public in Catahoula Parish on August 9, 1960 and remained so commissioned. She contends that her qualifications are spelled out in Section 191 E, which provides for the appointment of a person who has been appointed a Notary Public in another Parish for a period of 5 years, and who changes residence. Such an applicant must comply with the laws governing notaries public in said Parish, except taking and passing an examination.
It is not contested that the applicant has furnished the requirements of sub-section C along with the application, and our examination of the application indicates that she has made a sufficient showing of qualification. The only issue is whether she is required to take the written examination.
The applicant attaches a certificate of the Secretary of State certifying her appointment as Notary Public for the Parish of Catahoula on August 9, 1960, together with a certificate of the Registrar of Voters of St. Charles Parish showing her to be a registered voter living at 304 Wanda St., Boutte, Louisiana since May 29, 1972. Although there may be a question as to whether she continued her notarial commission in Catahoula Parish after registering to vote in St. Charles Parish, see sub-section A, it is not contested that she was a validly appointed Notary Public for a period of five years and changed her residence to another parish, that is, St. Charles. Under these facts, we conclude that the applicant comes under the provisions of sub-section E, which eliminates the taking and passing of an examination.
Accordingly, the trial judge erred in denying the application, and we now enter judgment in favor of Betty B. Bradford, ordering the trial judge to sign the certificate of competency provided in R.S. 35:191 C(2)(d).

REVERSED AND RENDERED.